IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                   **Case No. 10-20078-JWL**

**Anthony Brooks,**

      **Defendant.**

## **MEMORANDUM & ORDER**

Defendant Anthony Brooks was convicted by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) and the court sentenced him to a total term of 188 months. His conviction was affirmed by the Tenth Circuit in August 2013. *See United States v. Brooks*, 727 F.3d 1291 (10th Cir. 2013). This matter is presently before the court on Mr. Brooks' motion to produce documents (doc. 149) in which he requests that the government produce the case file maintained by the Johnson County Sheriff's Criminalistics Laboratory, including technical data concerning the DNA analysis performed by the lab, as well as information concerning the technicians at the lab and any audit reports regarding the lab. The motion is denied.

The court presumes that Mr. Brooks seeks this information in anticipation of filing a § 2255 petition. Mr. Brooks is not automatically entitled to the production of such documents and, instead, he must demonstrate to the court that he intends to pursue a nonfrivolous claim for relief. *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (no automatic right to documents if seeking postconviction collateral relief; must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir.

Oct. 14, 1994) (applying *Sistrunk* to request for documents and requiring particularized showing). Mr. Brooks has not explained to the court what claims he intends to pursue and he does not even mention the filing of a § 2255 petition in any respect. Because he has not made the particularized showing required by 28 U.S.C. § 753(f), the motion must be denied. *Lewis*, 1994 WL 563442, at *1 (applying § 753(f) to documents other than transcripts).

Finally, the court notes that the government, in its response, has indicated that the bulk of the documents requested by Mr. Brooks are not in the possession of the government and that, at trial, the DNA forensic Scientist from the Criminalistics Laboratory testified that she had provided a copy of the case file and other materials to Mr. Brooks' DNA expert. Thus, Mr. Brooks may find that the most efficient way to obtain the materials he seeks is through his own expert witness.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Brooks' motion to produce documents (doc. 149) is **denied**.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge