IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 10-20078-JWL |
| ) | Case No. 14-2624-JWL |
| ANTHONY BROOKS, ) | |
| ) | |
| Defendant / Petitioner. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Defendant has filed a motion (Doc. # 172) to amend his Section 2255 petition to include six new affidavits and a new expert report. For the reasons set forth below, the motion is **granted in part and remains pending in part**. The motion is granted with respect to the new affidavits, but it remains pending with respect to the new expert report, which is unsworn. Defendant shall have until **May 15, 2015**, to submit a new exhibit that is legible and contains the author's sworn signature.

The Government concedes that, under the "mailbox rule," defendant's original Section 2255 petition was timely under the one-year statute of limitations, based on the Supreme Court's denial of certiorari on defendant's initial appeal on December 16, 2013, and defendant's declaration that he delivered the petition for mailing on December 15, 2014. The Government further notes that, under Tenth Circuit law, an untimely amendment of a Section 2255 petition may relate back to the date of the original filing

only if the proposed amendment does not seek to add a new claim or insert a new theory into the case. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000). The Government questions whether defendant seeks to add new claims or theories by his amendment. Defendant insists in his reply brief that he does not seek to do so. Accordingly, the Court will confine its consideration to the issues raised in defendant's original petition, and it therefore concludes that the proposed amendment relates back to the filing of that petition pursuant to Fed. R. Civ. P. 15(c).

The Government questions why the new affidavits and report, which are dated prior to the date of the filing of the original petition, were not available for inclusion with that petition, but it has not cited any authority suggesting that the amendment should be denied on that basis alone. Moreover, defendant explains in his reply that he received those documents after he had filed the petition. Thus, the Court will not deny the amendment on this basis.

The Government also argues that the new affidavits do not contain minimum indicia of reliability, but it does not explain how the affidavits are deficient in that regard, and the Court will not exclude them on that basis. The Government also contends that the affidavits contain hearsay to the extent that they recite what the witnesses heard defendant say about what his attorney told him. The Court cannot conclude that the witnesses' statement would not be admissible, however. The statements by the attorney are seemingly not offered for the truth (i.e., that the Government offered a particular plea deal), but rather to show his reaction to those

statements (i.e., that he intended to accept the deal). The statements by defendant might prove admissible as prior consistent statements, pursuant to Fed. R. Evid. 802(d)(1)(B), if the Government were to challenge defendant's present claim that he would have accepted a particular plea offer. Accordingly, there is no basis to reject the affidavits at this time, and defendant's motion to amend his petition is granted with respect to those affidavits.

The Government does point out that defendant's new expert report is unsigned (containing only a typed name at the end), unsworn and illegible in places. In his reply, defendant argues that the report contains contact information for the expert, who could answer any questions about the report, but he does not suggest any basis for the Court's consideration of unverified documentary evidence. *See, e.g.*, *Marshall v. United States*, 2009 WL 2051640, at *4 (C.D. Ill. July 8, 2009) (unsworn statements may not be considered as evidence in support of a Section 2255 petition). Of course, any such statement offered in support of a petition for relief must be signed and sworn in order to provide the Court with sufficient assurance that the statement is authentic.

Nevertheless, the Court will grant defendant one additional opportunity to submit a signed, sworn copy of the proffered expert report. *See United States v. Guerrero*, 488 F.3d 1313, 1316-17 (10th Cir. 2007) (Section 2255 petitioner should have an opportunity to conform his petition to procedural requirement that claims be included within a verified petition) (citing §2255 Rule 2, 2004 adv. cmtee. notes). Moreover, the copy submitted by defendant should be completely legible. Accordingly, by **May 15, 2015**,

defendant shall file a signed, sworn copy of the expert report that is completely legible. The motion to amend, as it relates to this report, shall remain pending until that time. If defendant fails to submit the report as required, the motion shall be denied with respect to the report.

In a prior order, the Court indicated that it would set additional deadlines upon the resolution of the motion to amend. The Court now orders that defendant's trial counsel shall supply the Government with an affidavit, as previously ordered (Doc. # 173), by **May 15, 2015**. The Government shall file its response to the Section 2255 petition (as amended) by **June 12, 2015**. Defendant shall file any reply brief in support of his petition by **July 10, 2015**.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to amend his Section 2255 petition (Doc. # 172) is **granted in part and remains pending in part**. The motion is granted with respect to the new affidavits offered by defendant as exhibits. The motion remains pending with respect to the new expert report offered by defendant. Defendant shall file a signed and sworn copy of the report that is completely legible by **May 15, 2015**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's trial counsel shall supply the Government with an affidavit, as previously ordered, by **May 15, 2015**; the Government shall file its response to the Section 2255 petition (as amended) by **June**

**12, 2015**; and defendant shall file any reply brief in support of his petition by **July 10, 2015**.

      IT IS SO ORDERED.

      Dated this 17th day of April, 2015, in Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge