IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                            Case No. 10-20078-JWL

**Anthony Brooks,**

      **Defendant.**

## **MEMORANDUM & ORDER**

Anthony Brooks was convicted, after a jury trial, of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). He was sentenced to a 188-month term of imprisonment followed by a 5-year term of supervised release. Mr. Brooks' supervision began in February 2024, and he has now completed nearly two years of supervision without incident.

This matter is now before the court on Mr. Brooks' motion for early termination of his supervision (doc. 220). Mr. Brooks contends that early termination is appropriate because his reintegration into society is complete and further supervision is unnecessary. The United States Probation Office supports his motion. The government, however, opposes the motion on the grounds that Mr. Brooks has an outstanding restitution balance of more than $240,000. As will be explained, the court grants the motion.

Mr. Brooks seeks early termination of his 5-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release" if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

*See United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). In deciding whether to terminate supervised release early, § 3583(e) directs the court to consider certain factors set forth in 18 U.S.C. § 3553(a). Whether to grant a motion for early termination rests within the discretion of the court. *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2012). In deciding whether to grant early termination, the court must make an individualized determination of whether termination is appropriate based on the applicable statutory criteria and may not simply rely on a "blanket policy" against early termination. *See United States v. Hartley*, 34 F.4th 919, 928-29 (10th Cir. 2022).

The Judicial Conference recommends that courts consider two sets of factors under 18 U.S.C. § 3553(e), depending on whether the defendant has been on supervised release for 18 months. *See* Judicial Conference of the United States, *Guide to Judiciary Policy*, vol. 8, § 360.20(b)–(c) (July 2, 2018). For defendants like Mr. Brooks requesting early termination after serving 18 months or more of supervision, a presumption in favor of early termination of supervised release applies if they meet the following criteria:

(1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;

(2) The person presents no identified risk of harm to the public or victim;

(3) The person is free from any court-reported violations over a 12-month period;

(4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;

(5) The person is in substantial compliance with all conditions of supervision; and

(6) The person engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*United States v. Christian*, No. 13-40020-JAR, 2024 WL 2260899, at *3 (D. Kan. May 15, 2024). The government does not dispute that Mr. Brooks meets these criteria such that Mr. Brooks is entitled to a presumption in favor of early termination. Nonetheless, the government opposes the motion based on Mr. Brooks' outstanding restitution balance. According to the government, if supervision is terminated, then the court cannot hold Mr. Brooks accountable if he stops making payments. As Mr. Brooks highlights, however, judicial policy provides that "[t]he existence of an outstanding financial penalty does not adversely affect early termination eligibility, as long as the person under supervision is in compliance with the payment plan for the prior 12 months." Guide to Judiciary Policy, Vol. 8, § 360.20(e) (July 2, 2018); *see also* United States v. Zai, No. 22-3371, 2022 WL 17832201, at *6 (6th Cir. Dec. 21, 2022). It is undisputed that Mr. Brooks has been making regular monthly restitution payments. And while the court is persuaded that Mr. Brooks is committed to continuing to make regular payments, statutory enforcement mechanisms are available to the government in the event that Mr. Brooks ceases making payments. *See*, *e.g.*, 28 U.S.C. § 3205(a) (providing the United States with authority to enforce restitution orders through garnishments); 18 U.S.C. § 3613 (providing that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined). The government, then, has not overcome the presumption in favor of early termination.

Further, the court finds that consideration of the relevant factors under § 3553(a) demonstrates that early termination is in the interests of justice. The court certainly gives weight to the nature and circumstances of the offense of conviction—armed bank robbery. But since the time of the offense, Mr. Brooks has demonstrated a willingness to improve and change. He has

3

maintained consistent employment (and even supervises other employees in connection with that employment), a stable residence, a stable relationship with his girlfriend and her mother, and an active interest in mechanics as a hobby. He has had no violations or noncompliance issues during the term of his supervision. In short, Mr. Brooks has made positive steps to reintegrate and become a productive member of society. Moreover, specific deterrence has been achieved as evidenced by the 23 months of supervision he has already served with no issues.

Having considered the § 3553(a) factors as well as the support of the probation office (the most familiar with Mr. Brooks' circumstances and conduct since his release and in the best position to assess the need for continuing supervision), the court is satisfied that terminating supervision is in the interests of justice. Mr. Brooks has shown commendable progress during his term of supervision. This conduct, as detailed above, demonstrates that he is prepared and able to transition back into society without the continued support of the United States Probation Office's supervision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Brooks' motion for early termination of supervised release (doc. 220) is **granted** and the term of supervised release is hereby terminated.

**IT IS SO ORDERED.**

Dated this 7th day of January, 2026, at Kansas City, Kansas.

<u>s/John W. Lungstrum</u>  
John W. Lungstrum  
United States District Judge
